IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

BRIAN L. SCHNEIDER,

    Defendant.

Criminal Action
Case No. 07-10005-01-JTM

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant Brian Schneider's motion to return his personal property that was seized by the Lawrence police (Dkt. No. 28). For the following reasons, this court denies the motion.

Mr. Schneider pled guilty to interstate transportation of stolen property in the United States District Court for the District of Kansas (Dkt. No. 27). After entering his plea, Mr. Schneider petitioned this court, pursuant to Federal Rule of Criminal Procedure 41(g)[1] for the return of property seized by the Lawrence Police Department during the investigation that led to federal charges against him. The property in question was seized during the execution of a search warrant of the defendant's residence on October 31, 2006.

Rule 41(g) provides:

---

[1] Mr. Schneider's motion refers to Rule 41(e), although it is apparent from the text of his motion that he intended to refer to Rule 41(g). As such, the court will construe his motion accordingly.

> A person aggrieved by an unlawful search and seizure of property or by the depravation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

FED. R. CRIM. P. 41(g). This rule is "an equitable remedy, . . . available to [the movant] only if he can show irreparable harm and an inadequate remedy at law." *Clymore v. United States*, 164 F.3d 569, 571 (10th Cir. 1999).

Mr. Schneider does not allege that the property being sought is in the actual or constructive possession of the United States, and thus apparently concedes that the property in question is in the custody of the Lawrence, Kansas Police Department. Mr. Schneider's concession is further exemplified in his request for an order requiring the Lawrence Police Department to return the identified property, rather than an order requiring the United States to return the property. Generally, Rule 41(g) is a used as a vehicle to petition the return of property seized by federal authorities. Nevertheless,

> there are some limited circumstances under which Rule 41([g]) can be used as a vehicle to petition for the return of property seized by state authorities. Those circumstances include actual federal possession of the property forfeited by the state, constructive federal possession where the property was considered evidence in the federal prosecution, or instances where property was seized by state officials acting at the direction of federal authorities in an agency capacity.

*Id.* Mr. Schneider does not meet this standard set forth in Rule 41 and by case law. It is seemingly uncontested that the property has been in the physical custody of the state, and Mr. Schneider does not suggest that any of the property he seeks was considered potential evidence for his federal prosecution. *See United States v. Copeman*, 458 F.3d 1070, 1071 (10th Cir.

2006).  Mr. Schneider can only rely on Rule 41(g) if there is an inadequate state court remedy and a showing of irreparable harm.  *Id.* at 1070.  In *Copeman*, as in this case, the defendant sought the return of property held by State authorities.  That court noted that Rule 41(g) could only be used to effectuate the return of the property if it was in the actual or constructive possession of the United States.  As stated previously, Mr. Schneider does not claim that the United States has actual custody of the property in question.  Further, the United States does not have constructive possession, which arises if the property "is being held for potential use as evidence in a federal prosecution."  *Id.* at 1072 (citing *Clymore*, 164 F.3d at 571).  Finally, Mr. Schneider has an adequate remedy at law in the courts of the State of Kansas.  For those reasons, this court denies his motion.

      IT IS ACCORDINGLY ORDERED this 6th day of November, 2007 that defendant's motion to return his personal property that was seized by the Lawrence police (Dkt. No. 28) is denied.

                                                        s/ J. Thomas Marten
                                                        J. THOMAS MARTEN, JUDGE